P<small>OST</small>, P<small>OLAK</small>, G<small>OODSELL</small>, M<small>AC</small>N<small>EILL</small> & S<small>TRAUCHLER</small>, P.A.
425 E<small>AGLE</small> R<small>OCK</small> A<small>VENUE</small> – S<small>UITE</small> 200
R<small>OSELAND</small>, N<small>EW</small> J<small>ERSEY</small> 07068-1717
(973) 228-9900
Attorneys for Plaintiffs, Frank Krause and William Martin
PPGM&S File No. 4341-01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FRANK KRAUSE AND WILLIAM MARTIN, | Civil Action |
| Plaintiffs, | Docket No.: |
| vs. | **COMPLAINT** |
| MANALAPAN TOWNSHIP, | |
| Defendant. | Document electronically filed |

Plaintiffs, Frank Krause, residing at 31 Murray Street, Freehold, Monmouth County, NJ 07728, and William Martin, residing at 20 Margaret Street, Parlin, Middlesex County, NJ 08859 (collectively, "plaintiffs"), by way of complaint against defendant Manalapan Township, New Jersey, with its principal office at 120 Freehold Road, Manalapan, Monmouth County, NJ 07726, do say:

**PARTIES**

1. Plaintiff Frank Krause ("Krause"), was employed by the Police Department ("Department") of Manalapan Township ("Manalapan" or "the Township") from October 1993 to January 31, 2009 as a patrolman.

2. From February 1, 2000 to December 17, 2008, Krause acted as a member of the Manalapan K-9 Unit in the Department.

3. Plaintiff William Martin ("Martin"), has been employed by the Department since 1998 as a patrolman, and continues to be so employed.

4. From January 2000 to December 2007, Martin acted as a member of the Manalapan K-9 Unit in the Police Department.

5. The Department is -- and was at all relevant times alleged in the within Complaint -- a public employer as defined by and pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("F.L.S.A."), specifically 29 U.S.C. §203(d), and also a "public agency" as defined under the F.L.S.A., 29 U.S.C. §203(x).

## JURISDICTION AND VENUE

6. Subject matter jurisdiction is properly vested in this court pursuant to 28 U.S.C. 1331 (federal question jurisdiction). Jurisdiction is further conferred upon the Court pursuant to Section 16(b) of the F.L.S.A., 29 U.S.C. §216(b).

7. Venue of the within action is properly laid in this court pursuant to 28 U.S.C. §1391(b) in that the Defendants reside in this district and the claims asserted by plaintiffs arose in this district.

## FACTUAL BACKGROUND

8. In the year 2000, the Department determined to form a K-9 Unit within the Department.

9. A K-9 Unit includes police officer handlers who work with police dogs in various police activities.

10. Pursuant to the terms of their governing collective bargaining agreement (Agreement"), and at all times relevant hereto while the plaintiffs were K-9 officers, plaintiffs were required to work 40 hours in a work week.

11. Under Article XVIII of the Agreement, any work time that plaintiffs spent during a week beyond the hours of their regular shift was to be compensated at a rate of one-and-one-half times their regular rate of pay.

12. Under the F.L.S.A., the plaintiffs were required to be paid at a rate of time and one-half their normal hourly rate for all overtime work performed.

13. During the time that plaintiffs were K-9 officers, they were assigned dogs for police work.

14. The plaintiffs were required to provide care for the dogs 24 hours a day, seven days a week, including taking care of the dogs at home when they were off duty.

15. Thus, in effect, plaintiffs were required to perform work in off-duty hours.

16. The Agreement provided that K-9 officers were entitled to one hour per shift "for maintenance time to care for the K-9's." Article XXX.

17. Care for the dogs included such duties as housing, training, feeding, grooming, providing medical care, routine health and medical checks, walking, exercising, etc.

18. The Department includes as one of its Department Policies and Procedures a policy devoted to the K-9 Unit, Number 00-004, effective February 16, 2000 and revised on January 6, 2004 ("Manalapan K-9 Policies").

19. Pursuant to this policy, the Department has adopted a policy enunciated by the New Jersey Attorney General's Office, entitled "K-9 Training," issued in 2002 ("Attorney General Guidelines").

20. The Attorney General Guidelines provide extensive information about proper training for K-9 Officers, which includes knowledge of the care and handling of

the police dog. In particular, under Section 1.6 of the that document, it is noted that a properly trained K-9 officer shall understand "the requirements of proper routine care of a police dog, to include daily health check inspections, routine health care and veterinarian visits, feeding, grooming, and housing."

21. Under Section III-9 of the Manalapan K-9 Policies, there are "General Operational Orders for Canine Personnel." Included are the following:

a. "Personnel assigned to the K-9 Unit … have the added responsibility of handling and caring for a trained police dog."

b. "All dogs assigned to handlers who house their dogs at home shall be aware of criminal and civil actions which could result from carelessness in the event their dogs bite an innocent person(s) while off-duty. Handlers shall also take extra precautions to insure that their dog is not allowed to roam the streets unattended to prevent accidental injury by a passing automobile."

c. "All handlers are responsible for the general health, hygiene and care of their assigned canine(s) to include insuring that periodic veterinary examinations are provided."

d. "Discretion is to be used by all handlers to prevent dogs from defecating in or near public and/or private buildings either on duty or off duty."

e. "Periodic visits shall be made to the homes of handlers who keep their dogs at home by the K-9 Commanders of training, for reasons of health, sanitation and security."

22. Thus, the plaintiffs were required to provide extensive off-duty care of their K-9 animals by virtue of the directives in the Attorney General Guidelines and in the Manalapan K-9 Policies, and by the operation of common sense, in that the dogs resided in the plaintiffs' homes and required daily care.

23. Plaintiffs were even required to take their canines on vacations with them, because it was not possible to board the animals while they were gone.

24. During the entire time that the plaintiffs provided such off-duty care, they were never compensated for hours of care for the K-9 animals that represented work over the 40-hour time period.

25. The failure to provide overtime work has been knowing and willful on the part of the defendant.

## FIRST COUNT
## VIOLATION UNDER THE FAIR LABOR STANDARDS ACT

26. Plaintiffs repeat and re-allege each and every one of the foregoing allegations and incorporates them herein by way of reference as if set forth at length.

27. At all relevant times, the plaintiffs were entitled to the rights, protections and benefits provided under the F.L.S.A., 29 U.S.C. §207(a)(1).

28. Upon information and belief, the Department was aware of the provisions of the F.L.S.A.

29. Under the F.L.S.A., the Department was required to provide overtime payments for all work time that the plaintiffs spent taking care of their police department dogs beyond the time of their regular shifts.

30. The Department failed to do so.

31. The failure by defendant to pay such overtime compensation is a knowing, willful or reckless violation of the F.L.S.A., within the meaning of the applicable statute of limitations, 29 U.S.C. §255(a), for which defendant is liable.

32. The Department violated the terms of the F.L.S.A.

33. The plaintiffs have been damaged as a result of the Department's and Township's failure to provide proper overtime compensation and their violations of the F.L.S.A.

34. The plaintiffs have been deprived of overtime compensation over a period of three years.

**WHEREFORE, plaintiffs demand:**

(a) A judgment declaring that the defendants have willfully, recklessly and wrongfully violated their statutory and legal obligations, and deprived the plaintiffs of their rights, protections and entitled under federal law, as alleged herein;

(b) An Order for a complete and accurate accounting of all the overtime compensation that defendant has denied plaintiffs;

(c) Judgment against the defendant awarding plaintiffs monetary damages as follows:

    (1) overtime compensation at the appropriate rates for three years of overtime work;

    (2) liquidated damages in an amount equal to their unpaid overtime compensation, pursuant to 29 U.S.C. §216(b);

    (3) pre-judgment interest; and

    (4) post-judgment interest;

    (d)    Attorneys' fees and costs as set forth in the F.L.S.A., 29 U.S.C. 216(b);

and

    (e)    Such other and further relief as the Court may deem appropriate.

**POST, POLAK, GOODSELL,**
**MacNEILL & STRAUCHLER, P.A.**
Attorneys for Plaintiffs, Frank Krause and William Martin

Dated: June 12, 2009

By: /s/ Frederick B. Polak
    Frederick B. Polak, Esq.
**POST, POLAK, GOODSELL,**
**MacNEILL & STRAUCHLER, P.A.**
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068-1717
Telephone 973-228-9900
Fascimile 973-994-1705
Email fbp@ppgms.com

## **CERTIFICATION**

I certify that the within matter is not the subject of any other action pending in any Court or the subject of any pending arbitration proceedings, and no other action or arbitration proceeding is presently contemplated. I am not aware of any other parties who should be joined in this action at this time.

**POST, POLAK, GOODSELL,**
**MacNEILL & STRAUCHLER, P.A.**
Attorneys for Plaintiffs, Frank Krause and William Martin

Dated: June 12, 2009

By: /s/ Frederick B. Polak
    Frederick B. Polak, Esq.
**POST, POLAK, GOODSELL,**
**MacNEILL & STRAUCHLER, P.A.**
425 Eagle Rock Avenue, Suite 200
Roseland, New Jersey 07068-1717
Telephone 973-228-9900
Fascimile 973-994-1705
Email fbp@ppgms.com